**KROMER CAP CO. v. J. C. PENNEY CO., Inc.**

No. 4861.

District Court, E. D. Wisconsin.

April 22, 1941.

Wheeler, Wheeler & Wheeler, of Milwaukee, Wis., for plaintiff.

Chritton, Wiles, Davies, Hirschel & Dawson and George A. Chritton and Charles J. Merriam, all of Chicago, Ill., and Gwinn & Pell, Caleb C. Curtis and Jerome L. Greene, all of New York City, for defendant.

DUFFY, District Judge.

This is a suit alleging the infringement of Letters Patent No. 1,540,405, granted to George P. Kromer on June 2, 1925, for an improvement in caps. The application therefor was filed on April 18, 1922. The plaintiff is the present owner of the patent.

There is only one claim based upon a combination, as follows: "In a cap, the combination of a crown, a semi-rigid peak secured thereto, a slide stitched to the said crown adjacent the lower edge thereof, and normally extending upwardly from such lower edge, the stitching joining such slide and such crown extending beyond the ends of said peak and over a material portion of such peak adjacent the ends thereof, said slide having an abrupt front end located a material distance forwardly of the ends of said peak, a flap, said slide and said flap being stitched together on a line intermediate the upper and lower edges of said flap and extending to the abrupt front end of said slide, said flap extending forwardly beyond the ends of said slide, and means joining the ends of said flap and positioned over said peak, whereby said slide normally

lies flat against said crown without a projecting fold, and whereby the front ends of said slide are drawn directly downwardly and said peak is constricted by said slide when said flap is drawn downwardly and thereby tensions said flap, and whereby a secure overlapping joint is secured between the overlying slide and said peak."

The outstanding feature claimed for the invention consisted in combining a semi-rigid peak or visor and a slide band, so that with one hand the wearer of the cap could slide down the flap designed to cover the ears, and this movement would constrict the peak or visor for the maintenance of vision and also at the same time would give full protection to the temples and cheeks of the wearer. It is contended by plaintiff that this result could not be had if the slide band did not extend forwardly of the tips of a semi-rigid peak. Plaintiff admits that competitors are privileged to sell caps having similar slide bands providing that they refrain from using a semi-rigid peak. Plaintiff also admits that any manufacturer could use the semi-rigid peak and a slide band providing that such slide band did not extend a material distance forwardly of the tips of the peak.

There is no question but the cap sold by the defendant (Exhibit D) is within the claim. In fact the evidence discloses that from 1925 to 1927 the defendant purchased a large number of caps manufactured by the plaintiff. Thereafter defendant ceased purchasing from the plaintiff, but sold similar caps, and exhibit D would seem to be practically identical with the plaintiff's cap, as described in the patent.

The defense contends that the patent is invalid in view of the prior art; that if plaintiff made any improvement, it involved mere mechanical skill and was lacking in inventive novelty; that plaintiff has been guilty of laches; and that the accused cap was in widespread and general use and on sale for many years prior to the filing of the application for the patent in question.

■ A large portion of the testimony as to the prior art relied upon by the defendant was the recollection of witnesses as to the construction of caps before Kromer. It is apparent that patterns for caps (or similar wearing apparel) would not be retained in any ordinary or usual manufacturing operation for a period of twenty years after the caps were manufactured. While testimony based upon recollection extending over a long period is in many respects unsatisfactory, yet under the circumstances of this case it was probably the only evidence available, except pages from certain early catalogues. However, these early catalogues do not clearly show that before Kromer, there was a cap having the combination of the slide and the semi-rigid visor corresponding to the claim of the Kromer patent. I do not think that the defendant here has met the burden of proof imposed on it to show the patent is invalid because of the prior art.

■ This action was commenced on March 17, 1936. Mr. Kromer testified the defendant stopped purchasing caps from him in the year 1927, and that he knew at that time that the defendant was either purchasing or manufacturing caps which he regarded as infringing on his patent. However, in that interval of nine years, no notice or claim of infringement was given to the defendant by the plaintiff. Undoubtedly the defendant was greatly handicapped at the trial by reason of the long delay in bringing this action. Had any warning to desist or notice of infringement been given by the plaintiff, the defendant would have had a much better chance to examine the prior art and could have taken steps to protect itself. Had such a notice been given, the delay in bringing the action would not have been so important. There is no positive evidence that the defendant knew of the plaintiff's claim that the caps which the defendant was selling were an infringement of the patent in suit. The burden is upon the plaintiff to explain the reason for its long delay. The only excuse that the plaintiff offers is that it was busy fighting off other infringers. The records of this court disclose that a suit was commenced by Mr. Kromer against the Western Hat and Manufacturing Company on September 5, 1925, and that said action was dismissed twelve days later upon the written request of the plaintiff. A suit was likewise commenced by Mr. Kromer on October 16, 1925, against the Middleton Manufacturing Company. A stipulation was entered on January 21, 1926, dismissing the action upon the representation that the defendant had discontinued the use of a slide band which overlapped the ends of the peak. The testimony at the trial shows that certain actions were

commenced and other actions threatened against various manufacturers, but apparently no suit claiming infringement of the patent in question had been commenced for a period of ten years prior to the time when this action was started. No good reason appears why there should have been a delay of nine years in bringing this action. It is difficult to understand why plaintiff did not notify or warn the defendant. It gave notices to other manufacturers. It would have required an effort of only a few minutes to have prepared and sent to the defendant a notice setting forth plaintiff's claim of infringement. However, this was not done.

In view of the inexcusable delay in either giving notice or of commencing action, the court might consider whether an injunction should be granted in spite of laches. George J. Meyer Mfg. Co. et al. v. Miller Mfg. Co., 7 Cir., 24 F.2d 505; Simpson v. Newport News Shipbuilding & Dry Dock Co., D.C., 18 F.2d 318. By reason of the former business relationship between the plaintiff and the defendant, this court would be inclined to grant an injunction but not to order an accounting, were it not for the view we have taken of the defense that any improvement made by Mr. Kromer involved mere mechanical skill and was, therefore, lacking in inventive novelty.

The testimony establishes that where slide band caps are made, the slides were manufactured from cotton fabric 36″ in width. It was the usual practice to divide a strip into two pieces, each 18″ wide. The slides were made from strips of this material. The exhibits show that the ends of such slides were hemmed, so that usually a strip about 17½″ in length would be left. This would extend a considerable distance over the ends or tips of any cap visor. Mr. Kromer testified that he used common sense in extending the slide over the ends of the visor. It is apparent that Kromer only did something which was obvious to any person skilled in the trade. It would have been an additional manufacturing operation to have cut off a piece of the slide material so that it would not extend beyond the ends of the visor. In the first slide band cap made by Kromer, he extended the slide forward over the ends of the visor. It is doubtful whether at that time there were any visors which were not "semi-rigid", as Mr. Kromer has defined that term.

It follows that the complaint herein must be dismissed.